Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4436 | **DATE** | 5/24/2004 |
| **CASE TITLE** | ROBERT IUFFUES WEBB II vs. CITY OF JOLIET, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 6/4/2004 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants Will County States Attorney's Office, Tomczak, Guzman, and Rippy's motion to dismiss [doc. no. 24-1] is granted. Defendants City of Joliet, Gerdes, Fornoff, Amelio, Cardwell, Jones, Roechner, Provenzale, Stapleton, Egizio, Desiderio, and Billlup's motion to dismiss [doc. no. 26-1] is granted in part and denied in part. Defendants Fornoff, Provenzale, Roechner, Cardwell, Jones, Stapleton, the Will Count States Attorney's Office, Tomczak, Guzman, Kimble Raucci and Rippy are dismissed with prejudice. These persons and entities are terminated as parties.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 6 2004 | |
| | Notified counsel by telephone. | | date docketed | 37 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT IUFFUES WEBB II, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| CITY OF JOLIET, DAVID L. GERDES, JEFFREY FORNOFF,[1] NICHOLAS R. AMELIO, PATRICK CARDWELL, GUY JONES, ALAN ROECHNER, REX PROVENZALE, ADAM STAPLETON, JOSEPH EGIZIO, ROBERT DESIDERIO, BENJAMIN BILLUPS, WILL COUNTY STATE'S ATTORNEY'S OFFICE, JEFFREY TOMCZAK, MATTHEW GUZMAN, NICOLE KIMBLE, LISA M. RAUCCI, and DANIEL RIPPY, | ) ) ) 03 C 4436 ) ) Judge Ronald A. Guzmán ) ) ) **DOCKETED** ) ) MAY 2 6 2004 ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Iuffues Webb II has sued the City of Joliet ("City"); Joliet police officers David L. Gerdes, Jeffrey Fornoff, Nicholas R. Amelio, Patrick Cardwell, Guy Jones, Alan Roechner, Rex Provenzale, Adam Stapleton, Joseph Egizio, Robert Desiderio, and Benjamin Billups in their individual capacities; Judge Ludwig Kuhar;[2] the Will County State's Attorney's Office; Jeffrey Tomczak in his official capacity as Will County State's Attorney; Assistant State's Attorneys Matthew Guzman, Nicole Kimble, Lisa M. Raucci, and Daniel Rippy in their individual capacities

---

[1] Officer Fornoff's name is spelled "Fronoff" in the caption of the Second Amended Complaint.

[2] On August 25, 2003, this Court granted Judge Kuhar's motion to dismiss based on the doctrine of judicial immunity.

for violations of 42 U.S.C. § 241, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3), as well as for negligence under state law. Plaintiff alleges that the defendants deprived him of his rights under the First, Fourth, and Fourteenth Amendments for racially discriminatory reasons. Before the Court are Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, Defendants' motions are granted in part and denied in part.

## BACKGROUND

In his *pro se* complaint, Plaintiff alleges that he suffered psychological damage as well as damage to his reputation and career when he was arrested on three separate dates: June 5, 1993, April 7, 2001, and June 27, 2001. Plaintiff, who is African-American, further asserts that the arrests and subsequent prosecutions were motivated by racial discrimination and were in violation of his civil rights.

On June 5, 1993, Plaintiff was arrested and charged with criminal trespass to real property by City police officers while he was trying to recruit resident participation as a member of the Joliet Area Gang Reduction Task Force. (Compl. ¶¶ 27, 31, 40). The criminal complaint for the offense was filed on June 24, 1993 by a Will County Assistant State's Attorney. (*Id.* ¶¶ 27, 31, 40.) Plaintiff was acquitted of that charge on May 3, 1994. (*Id.* ¶ 37.)

On April 7, 2001, Plaintiff was arrested for mob action while acting as a "freelance field news reporter . . . covering a Police Action." (*Id.* ¶ 48.) Plaintiff filed a Police Misconduct complaint with the City Police Department's Internal Affairs Division on April 9, 2001. (*Id.* ¶ 67.) The following day, an Assistant State's Attorney filed a mob action criminal complaint against Plaintiff and several other co-defendants. (*Id.* ¶ 68.) On August, 17, 2001, defendant Gerdes

2

indicated by letter to Plaintiff that there was no basis for his Police Misconduct complaint. (*Id.* ¶ 70.) On August 21, 2002, Plaintiff and his co-defendants were acquitted of the mob action charge. (*Id.* ¶ 72.)

On June 27, 2001, Plaintiff entered into real property located at 213-215 Sherman Street in Joliet in order to fulfill his duties as a watchman for the property. (*Id.* ¶ 83.) Plaintiff was carrying keys to the property and an "alarm setter," but he was arrested by defendants Egizio, Desiderio, and Amelio for criminal trespass after exiting the property. (*Id.* ¶¶ 84-91.) On June 28, 2001, Plaintiff filed a second Police Misconduct complaint with the City but was told by defendant Billups that the complaint would not be investigated. (*Id.* ¶ 92.) On January 16, 2002 and February 28, 2002, during court proceedings relating to Plaintiff's arrest for criminal trespassing, an Assistant State's Attorney filed petitions for Plaintiff to be held in indirect criminal contempt of court for his behavior, which included being inebriated and inappropriately approaching the state's witnesses in the hallway. (*Id.* ¶¶ 109-16.) Ultimately, both the criminal trespass to real property charge and the contempt petitions were resolved in Plaintiff's favor. (*Id.* ¶¶ 99-100, 119.)

Plaintiff alleges that his three arrests were without probable cause and that he was therefore falsely arrested and maliciously prosecuted. (*Id.* ¶¶ 107, 122, 126.) Plaintiff alleges that he has suffered anxiety, humiliation, and disruption to his life and occupation as a result of the alleged deprivation of his rights. (*Id.* ¶ 100.) Plaintiff filed the present complaint on June 26, 2003.

## DISCUSSION

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts accept "the well-pleaded allegations in the complaint as true and draw[] all reasonable inferences in favor of the plaintiff." *Hentosh v. Herman M. Finch Univ. of Health Scis./Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). Dismissal is proper where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint may also be dismissed if it fails to allege an element necessary to obtain relief. *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). Courts "must liberally construe *pro se* complaints with an understanding eye" and must give a *pro se* litigant's claims "'fair and meaningful consideration.'" *Naguib v. Ill. Dep't of Prof'l Regulation*, 986 F. Supp. 1082, 1091 (N.D. Ill. 1997) (citations omitted). However, courts "are not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *R.J.R. Servs.*, 895 F.2d at 281.

## COUNT I

In Count I, Plaintiff asserts a claim against the City for violations of 42 U.S.C. § 1983 based on his three arrests, which took place on June 5, 1993, April 7, 2001, and June 27, 2001, alleging the arrests were false and therefore deprived him of his rights under the Fourth and Fourteenth Amendments.

The City argues that because Plaintiff's complaint was filed on June 26, 2003, his Section 1983 claims based on the June 5, 2003 and April 7, 2001 arrests are time-barred by the two-year statute of limitations applicable to Section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Section 1983 claims are deemed

4

to have accrued "'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Kelly*, 4 F.3d at 511 (quoting *Wilson v. Geisen*, 956 F.2d 738, 740 (7th Cir. 1992)).

Plaintiff responds that the two earlier arrests are not time-barred because they are part of a series of continuing illegal acts, and the statute of limitations did not begin to run until the last act was committed. (Pl.'s Resp. at 31.) However, Plaintiff's delay in filing is not excused under the continuing violation doctrine because it is well settled that a false arrest claim accrues "on the day of the arrest." *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998). Moreover, Plaintiff knew or should have known of the alleged violations at the time the acts occurred, and damages from each act would have been readily calculable separately. *See Heard v. Sheahan*, 253 F.3d 316, 320 (7th Cir. 2001). Accordingly, Plaintiff's Section 1983 claims against the City based on his June 5, 1993 and April 7, 2001 arrests were filed outside the two-year statute of limitations and therefore must be dismissed with prejudice.

The City next argues that Plaintiff has not pleaded sufficient facts to state a cognizable claim against the City for the third arrest on June 27, 2001. Although the Supreme Court extended Section 1983 liability to local governments and municipalities, the Court expressly stated that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978). Plaintiff must allege that the City implemented a policy or custom intended to deprive citizens of their constitutional rights, and that the policy or custom caused the constitutional tort. *See id.* at 690-91.

Plaintiff argues that the following facts demonstrate the City's unwritten policy of condoning violations of Plaintiff's civil rights. First, after Plaintiff raised the issue of the City giving public funds to a police informant under the guise of a Professional Service Contract, the City Manager

5

allowed the informant to solicit an African-American male to make false statements against Plaintiff during a televised General Council Assembly session on December 17, 1997. These statements purportedly endangered Plaintiff's safety with regard to a violent street gang. Second, Plaintiff contends that the City's unwritten policy was "reaffirmed" at another televised session on February 18, 1997 [sic].

Those facts, however, do not lead to a reasonable inference that the City had a policy or custom to deprive Plaintiff of his constitutional rights or that such a policy caused his June 27, 2001 arrest. As a result, Plaintiff's Section 1983 claim against the City for his arrest on June 27, 2001 is dismissed without prejudice.

## COUNT II

In Count II, Plaintiff asserts Section 1983 claims against various individual City police officers[3] based on a number of incidents: (1) the arrest of June 5, 1993; (2) the arrest of April 7, 2001; (3) the drafting of a criminal complaint on April 10, 2001; (4) the arrest of June 27, 2001; (5) the refusal to accept Plaintiff's internal affairs complaint on June 28, 2001; (6) the August 1, 2001 drafting of a criminal complaint based on the June 27, 2001 arrest; and (7) the refusal on August 17, 2001 to take disciplinary action against officers after Plaintiff filed an internal affairs complaint based on the April 7, 2001 arrest. The essence of Plaintiff's claims is that these actions were taken against him by City police officers due to his race and in deprivation of his equal protection rights under the Fourteenth Amendment.

---

[3] Count II is captioned as against the individual officers only, but he alleges in the body of the claim that the City is liable for the actions of the officers. Defendants are correct that Plaintiff fails to allege a policy or custom as required by *Monell*, 436 U.S. at 691. More importantly, however, to the extent there are any Section 1983 claims against the City in Count II, they are duplicative of Count I and are stricken on that basis.

6

As discussed above, the Section 1983 claims based on the events of June 5, 1993, April 7, 2001, and April 10, 2001 are time-barred due to the two-year statute of limitations applicable to Section 1983 claims arising in Illinois. Accordingly, Plaintiff's Section 1983 claims asserted against the City police officers for events occurring before June 26, 2001 are dismissed with prejudice.

The next issue is whether Plaintiff's allegations of false arrest and refusing to investigate Plaintiff's internal affairs complaints occurring after June 26, 2001 state actionable Section 1983 claims against City police officers. In order to state a claim for unlawful arrest under Section 1983, Plaintiff must plead facts that indicate the arrests were made without probable cause. *Jones by Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995). "A law enforcement officer has probable cause to make arrests when 'the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." *Id.* (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)) (alteration omitted). This inquiry is fact-intensive and is not guided by clear-cut rules. *Id.* at 181-82.

The facts Plaintiff pleads regarding his arrest on June 27, 2001 for trespassing at 213-215 Sherman Street could support a claim that the officers in question acted without probable cause. Accepting all facts as true for the purposes of the motion to dismiss, as this Court must, the complaint sufficiently alleges that the officers did not have probable cause to arrest Plaintiff. In addition, Plaintiff's allegations that his internal affairs complaints were not investigated for discriminatory reasons are sufficient to withstand a motion to dismiss.[4]

---

[4] Defendants also argue that this Count fails to plead the necessary elements of a conspiracy claim. The Court does not read Count II as alleging a conspiracy, but rather separate Section 1983 violations by the individual officer defendants. Plaintiff's conspiracy claims are

7

Accordingly, the motion to dismiss Count II of Plaintiff's claim is denied to the extent it relates to events after June 26, 2001 only, and as to defendants Amelio,[5] Billups, Desiderio, Egizio, Gerdes, and Nagra only. Count II is dismissed with prejudice as to all events occurring before June 26, 2001 and as to defendants Fornoff and his unnamed partner of June 5, 1993, Provenzale, Roechner, Cardwell, Jones, and Stapleton.

## COUNTS III and IX

In Count III, Plaintiff attempts to state a claim against twelve police officers and the City under 18 U.S.C. § 241. In Count IX, Plaintiff makes a second Section 241 claim against certain individual police officers, the City of Joliet, and certain individual Assistant State's Attorneys from the Will County State's Attorney's office. Section 241 is a criminal statute that defines federal civil rights violations, and it is well settled that no private right of action inheres in these provisions. *Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983). Therefore, Counts III and IX are dismissed with prejudice as to all defendants.

## COUNT IV

Count IV alleges an unlawful conspiracy in violation of 42 U.S.C. § 1985(3) against certain individual City police officers in relation to his arrests on June 5, 1993, April 7, 2001, and June 27, 2001. However, the first two arrests are time-barred by the two-year statute of limitations applicable to Section 1985(3) claims. *See Wilson*, 956 F.2d at 741 n.4; *Kness v. Grimm*, 761 F. Supp. 513, 519 (N.D. Ill. 1990). Plaintiff contends that the ongoing nature of a civil conspiracy tolls the accrual of

---

instead found in Counts IV and VIII.

[5] Defendant Amelio is not listed in the caption of Count II, but he is included in the body of the claim and in its prayer for relief.

his claims until the last overt act in furtherance of the conspiracy. His argument, however, has been squarely rejected by the Seventh Circuit, which held that Section 1985(3) conspiracy claims accrue "separately from each overt act that is alleged to cause damage to the plaintiff." *Scherer v. Balkema*, 840 F.2d 437, 439 (7th Cir. 1988) ("[P]laintiffs in civil conspiracy actions [may] recover only for overt acts alleged to have occurred within the applicable limitations period."). Accordingly, the Section 1985(3) claims regarding Plaintiff's arrests on June 5, 1993 and April 7, 2001 are dismissed with prejudice as time-barred.

The next issue is whether the events surrounding Plaintiff's arrest on June 27, 2001 state a claim under Section 1985(3), which requires Plaintiff to allege four elements: (1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons of equal protection; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation of rights. *Chicago Miracle Temple Church, Inc. v. Fox*, 901 F. Supp. 1333, 1347 (N.D. Ill. 1995). In order to satisfy the conspiracy element of a Section 1985(3) claim, Plaintiff must allege an agreement among the defendants to deprive him of his constitutional rights. *Scherer*, 840 F.2d at 442.

Plaintiff argues that only notice pleading is necessary and that he is allowed to plead legal conclusions. Plaintiff further maintains that a conspiracy is not always susceptible of direct proof. However, the liberal pleading standard does not relieve Plaintiff of his burden of pleading all necessary elements of a conspiracy claim: "A complaint which merely contains conclusory allegations of a conspiracy or discrimination will not survive a motion to dismiss. Allegations of a conspiracy must be further supported by some factual allegations suggesting a meeting of the minds." *Naguib*, 986 F. Supp. at 1092. Plaintiff offers no allegations from which a reasonable inference can be drawn that there was an agreement among the City police officers to deprive him

9

of his constitutional rights. Furthermore, Plaintiff's allegations of liability against the City with regard to conspiracy are based on the theory of *respondeat superior*, rather than a policy or custom as required by *Monell*, 436 U.S. at 691.

Count IV of the complaint is dismissed without prejudice as to events after June 26, 2001 only and as to defendants Amelio, Billups, Desiderio, Egizio, Gerdes, Nagra, and the City only. Count IV is dismissed with prejudice as to all events prior to June 26, 2001 and as to defendants Fornoff and his unnamed partner of June 5, 1993, Provenzale, Roechner, Cardwell, Jones, and Stapleton.

## COUNT V[6]

Count V attempts to state a Section 1983 claim against an unknown City police officer and an Assistant State's Attorney for court proceedings that took place on April 8, 2001. However, as previously discussed, the applicable statute of limitations for Section 1983 claims arising in Illinois is two years from the date of accrual, and therefore this claim is time-barred and dismissed with prejudice. Because this claim is time-barred, the Court need not reach the merits of Defendants' other grounds for dismissal.

## COUNT VI

In Count VI, Plaintiff asserts a Section 1983 claim against the Will County State's Attorney's Office. (*Id.* ¶¶ 147-51.) Defendants assert that this claim is barred by the Eleventh Amendment, which "prohibits federal courts from deciding suits brought by private litigants against states or their agencies." *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) (citing *Will v. Mich. Dep't*

---

[6] The complaint was apparently misnumbered, as it includes two counts labeled "Count VI" and no count labeled "Count V." In this opinion, "Count V" refers to the first count labeled "Count VI" in the complaint.

*of State Police*, 491 U.S. 58, 71 (1989)). It is well settled that State's Attorneys are state officials, the State's Attorney's Office is a state agency, and "liability under Section 1983 does not extend either to suits against the state itself or to official capacity lawsuits against state officials." *See Manos v. Caira*, 162 F. Supp. 2d 979, 987 (N.D. Ill. 2001). Contrary to Plaintiff's argument, the Eleventh Amendment bar is not a mere technical defect. Accordingly, Count VI is dismissed with prejudice.

## COUNT VII

In Count VII, Plaintiff brings a Section 1983 claim against Assistant State's Attorneys Guzman, Kimble, and Raucci in their individual capacities based on their approval of a criminal charge of mob action brought against Plaintiff on April 7-8, 2001. As discussed above, this claim is barred by the two-year statute of limitations applicable to Section 1983 claims arising in Illinois. *See Kelly*, 4 F.3d at 511. The Court therefore need not discuss the merits of Defendant's arguments that the claims are barred by the Eleventh Amendment and absolute immunity. Count VII is dismissed with prejudice.

## COUNT VIII

In Count VIII, Plaintiff attempts to state a Section 1985(3) claim against two Assistant State's Attorneys and three City police officers in their individual capacities for their involvement in events that took place during court proceedings on January 16 and February 28, 2002. On those dates, petitions were filed to hold Plaintiff in indirect criminal contempt of court for being under the influence of alcohol in the courtroom and improperly approaching and threatening state witnesses after being warned against such behavior. (*See* Pl.'s Resp. Def.'s Mot. Dismiss, Exs. 1 and 2.)

First, the Section 1985(3) claim as applied to the Assistant State's Attorneys is not actionable due to the absolute immunity granted to prosecutors for alleged damages arising from the initiation and presentation of the state's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Assistant State's Attorneys filed petitions to hold Plaintiff in indirect criminal contempt of court for his actions during the prosecution of the State's case. Those actions were quasi-judicial, not investigatory, because they were carried out in furtherance of prosecution. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (holding that a State's Attorney enjoyed absolute prosecutorial immunity for damages arising from the quasi-judicial function of filing a petition for adjudication of civil contempt).

Second, Count VIII fails to plead facts that would tend to support the existence of a conspiracy among the police officers who were allegedly involved in filing the contempt petition, which is a necessary requirement under Section 1985(3). *See Scherer*, 840 F.2d at 442. Plaintiff argues that the existence of a conspiracy is essentially a factual issue that the jury should decide, but the complaint fails to allege any facts whatsoever that would allow an inference of a conspiracy. In the absence of specific allegations tending to support the existence of an agreement among the City police officers, Count VIII does not state a Section 1985(3) claim. *See Naguib*, 986 F. Supp. at 1092. Moreover, Plaintiff's claim against the City again is based upon *respondeat superior* liability and therefore fails to state a claim under *Monell*, 436 U.S. at 691.

Count VIII is dismissed without prejudice as to defendants Amelio, Egizio, Desiderio, and the City. Count VIII is dismissed with prejudice as to defendant Rippy and the unnamed Assistant State's Attorneys who participated in the January 16 and February 28, 2002 court proceedings.

## COUNT X

In Count X, Plaintiff alleges the City and the Will County State's Attorney's office negligently failed to protect him and uphold his rights under the Illinois constitution, which he alleges resulted in damage to both his reputation and his psychological well-being.

First, the Court lacks subject matter jurisdiction over the negligence claim asserted against the Will County State's Attorney's office. Because the Court has dismissed all of Plaintiff's counts against the State's Attorney's office, there are no federal claims for which supplemental jurisdiction under Section 1367 could attach to this state law negligence claim. *See Houston v. Cook County*, 758 F. Supp. 1225, 1227 (N.D. Ill. 1990).

Second, under the provisions of the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 Ill. Comp. Stat. 10/1-101, *et seq.*, common law civil actions against local entities and their employees must be "commenced within one year from the date that the injury was received or the cause of action accrued." 745 Ill. Comp. Stat. 10/8-101; *see Long v. Williams*, 155 F. Supp. 2d 938, 943 (N.D. Ill. 2001) ("The relevant caselaw in this Circuit supports the application of the Tort Immunity Act's one-year statute of limitations in 745 ILCS 10/8-101 to state law claims against police officers."). Even the most recent incidents alleged in Plaintiff's complaint became time-barred as of February 28, 2003, and Plaintiff's complaint was not filed until June 26, 2003. Count X is therefore dismissed with prejudice.

## CONCLUSION

For the reasons stated above, the Defendants Will County State's Attorney's Office, Tomczak, Guzman, and Rippy's Motion to Dismiss [doc. no. 24-1] is granted. Defendants City of Joliet, Gerdes, Fornoff, Amelio, Cardwell, Jones, Roechner, Provenzale, Stapleton, Egizio, Desiderio, and Billups's Motion to Dismiss [doc. no. 26-1] is granted in part and denied in part.

Counts III, V, VI, VII, IX, and X are dismissed with prejudice in their entirety, and all claims against defendants Fornoff, Provenzale, Roechner, Cardwell, Jones, Stapleton, the Will County States's Attorney's Office, Tomczak, Guzman, Kimble, Raucci, and Rippy are dismissed with prejudice. These persons and this entity are terminated as parties.

Count I is dismissed without prejudice.

The motion to dismiss Count II is denied as to claims accruing after June 26, 2001. The motion to dismiss Count II is granted with prejudice as to claims accruing before June 26, 2001.

Count IV is dismissed with prejudice as to claims accruing before June 26, 2001. Count IV is dismissed without prejudice as to claims accruing after June 26, 2001.

Count VIII is dismissed without prejudice as to claims alleged against defendants Amelio, Egizio, Desiderio, and the City only.

Only Count II, based on events occurring after June 26, 2001, remains.

**SO ORDERED**  ENTERED: 5/24/04

HON. RONALD A. GUZMAN
United States Judge

14