IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT IUFFUES WEBB II, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF JOLIET, WARREN C. DORRIS, ) <br> JR., DAVID L. GERDES, NICHOLAS R. ) <br> AMELIO, BEN BILLUPS, ROBERT ) <br> DESIDERIO, JOSEPH EGIZIO, RONALD ) <br> NAGRA, KEVIN SEPULVEDO, COUNTY ) <br> OF WILL, THOMAS KONZAL and DANIEL ) <br> RIPPY, ) <br> ) <br> Defendants. ) | No. 03 C 4436 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Robert Iuffues Webb II has sued the City of Joliet ("the City"), various Joliet police officers and two Will County Assistant State's Attorneys for violations of his constitutional and civil rights. The case is before the Court on Webb's motion for leave to file a revised fourth amended complaint. For the reasons set forth below, the motion is granted in part and denied in part.

### Discussion

The Federal Rules of Civil Procedure instruct the Court to give leave to amend "when justice so requires." FED. R. CIV. P. 15(a). The policy favoring amendment has limits, however. If an amendment would cause undue delay, is made in bad faith, would unduly prejudice the defendant or would be futile, a motion to amend should be denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that motions to amend should be granted "[i]n the absence of" such considerations).

Like the four other versions that preceded it, Webb's proposed fourth amended complaint is based on the following alleged events:

> (1) his April 7, 2001 false arrest and malicious prosecution for mob action (Proposed Fourth Am. Compl. ¶¶ 21-28, 52-53), the excessive bail set for him on that charge (*id.* ¶ 29) and defendant Gerdes' failure to investigate Provenzale, Amelio, Roechner, Stapleton, Jones and Cardwell, who had made the arrest, after Webb was acquitted of the charge (*id.* ¶ 47);
>
> (2) his June 27, 2001 false arrest and malicious prosecution for trespassing (*id.* ¶¶ 63-70, 77-79), the excessive force Amelio, Egizio and Desiderio used to effect the arrest (*id.* ¶¶ 70-71), Billups' failure to conduct an internal investigation of that arrest (*id.* ¶ 74), Desiderio and Egizio's withholding of exculpatory evidence regarding that charge (*id.* ¶ 83), and Gerdes' failure to discipline the arresting officers after the State's Attorney nolle prosequied the case (*id.* ¶ 90);
>
> (3) Egizio, Rippy and Desiderio's January 16, 2002 conspiracy to have Webb charged with criminal contempt of court and to restrain him in the courthouse in retaliation for his speech (*id.* ¶¶ 96-119); and
>
> (4) Webb's June 29, 2004 false arrest for having liquor in the public way (*id.* ¶¶ 121-29, 137), Sepulvedo's excessive force in effecting that arrest (*id.* ¶¶ 130-32), and Gerdes' July 7, 2004 dismissal of Webb's internal complaint regarding that arrest (*id.* ¶¶ 138-39).

Webb wants to assert claims against the City of Joliet, Joliet Police Officers Nicholas Amelio, Ben Billups, Robert Desiderio, Joseph Egizio and David Gerdes and Assistant State's Attorney Daniel Rippy, who are named as defendants in the third amended complaint, as well as Joliet Police Officers Patrick Cardwell, Guy Jones, Rex Provenzale, Alan Roechner and Adam Stapleton, who were dismissed with prejudice from the second amended complaint and are not named as defendants in the third amended complaint.

Any section 1983, section 1981 and section 1985 claims asserted against the police officer defendants that arise from the April 27, 2001 arrest are time-barred. (*See* Mem. Op. & Order of 5/24/04 at 7-8 (dismissing with prejudice section 1983 claims asserted against Cardwell, Jones,

2

Provenzale, Roechner and Stapleton arising from the April 7, 2001 arrest); Proposed Fourth Am. Compl. ¶¶ 148, 152, 200); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 378-81 (2004) (stating that limitations period borrowed from state law applies to claims authorized by pre-1990 version of section 1981); *Walker v. Abbott Labs.*, 340 F.3d 471, 474 (7th Cir. 2003) (noting that two-year statute of limitations is applicable to section 1981 claims arising in Illinois); *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 n.2 (7th Cir. 1995) (two-year statute of limitations is applicable to section 1985 claims arising in Illinois); *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993) ("[S]ection 1983 claims arising in Illinois are governed by a two-year statute of limitations."). Moreover, Webb cannot assert section 1983 malicious prosecution claims against any of the defendants in connection with any of his arrests, (*see* Proposed Fourth Am. Compl. ¶¶ 148, 176, 187, 191), because he does not have a constitutional right not to be prosecuted without probable cause. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) (holding that there is no "constitutional claim founded on malicious prosecution"). Thus, it would be futile to allow Webb to assert these claims.

It would also be futile for plaintiff to amend his Count I failure to train claim, which currently alleges that the City failed to train its officers in proper search and arrest procedures, to include allegations that the City failed to train its officers about freedom of the press, excessive bail, due process and the need to disclose exculpatory evidence. (*See* Proposed Fourth Am. Compl. ¶ 144.) The press interference claim, which is based on Webb's April 27, 2001 arrest, is time-barred. *See Kelly*, 4 F.3d at 511. The bail claim, which is also time-barred, cannot be asserted against the City because bail was not set by a Joliet police officer. (*See* Proposed Fourth Am. Compl. ¶ 29 (alleging that bail was set by Judge Kuhar).) Finally, as the Court previously ruled, Webb's due process and

3

exculpatory evidence claims, which are based on defendant Desiderio and Egizio's alleged concealment of exculpatory evidence concerning the June 27, 2001 trespassing arrest, are not viable. (*See* Mem. Op. & Order of 5/4/05 at 10 ("Unless plaintiff was tried, and he affirmatively alleges that he was not, he has no basis for [a] due process claim" based on the alleged withholding of material exculpatory evidence).)

The section 1983 false arrest and first amendment retaliation claims Webb seeks to assert against Assistant State's Attorney Rippy for his involvement in the contempt proceeding are also defective. (*See* Proposed Fourth Am. Compl. ¶¶ 181, 185, 187.) Webb seeks to hold Rippy liable for initiating the criminal contempt complaint, *i.e.*, prosecutorial conduct for which he cannot be sued. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors are absolutely immune from section 1983 suits based on "activities [that are] intimately associated with the judicial phase of the criminal process"). Thus, adding these claims would be pointless as well.

Webb also seeks to add a section 1981 claim against the City for its alleged failure to give him the same benefit of the City's ordinances as it provides to white citizens. (*See* Proposed Fourth Am. Compl. ¶¶ 205-06.) This claim is based on all of the Joliet police department's alleged mistreatment of Webb, which he believes was motivated by his race. (*See id.*) To the extent this claim is based on events that occurred more than two years before Webb filed this suit, it is time-barred. *R.R. Donnelley & Sons Co.*, 541 U.S. at 378-81; *Walker*, 340 F.3d at 474.

That leaves the following proposed new claims: (1) section 1983 claims for failure to train on equal protection and free speech and a section 1981 claim based on events that occurred within the limitations period against the City (*see* Proposed Fourth Am. Compl. ¶¶ 144, 205); (2) section 1983 claims for false arrest and first amendment retaliation and a section 1981 claim against

4

Desiderio, Egizio, Amelio and Gerdes for the June 27, 2001 arrest (*see id.* ¶¶ 165-66, 168-69, 171-72); and (3) section 1983 false arrest and first amendment retaliation claims and a section 1985 claim asserted against Desiderio and Egizio for the January 26, 2002 criminal contempt complaint (*see id.* ¶¶ 180-81, 184-85, 194-95). Unlike the others, these proposed claims are not patently defective.

That does not mean, however, that they should be included in Webb's complaint. These claims are not based on newly-discovered evidence; they stem from Webb's June 27, 2001, January 26, 2002 and June 29, 2004 arrests. Though Webb has known about the alleged constitutional violations for up to five years, he inexplicably failed to assert these claims in the four prior versions of his complaint. If the Court permits Webb to assert them now, it will also have to allow defendants to conduct discovery on them. Reopening discovery, which has been closed for more than one year, would impose additional costs and burdens on the Court and the defendants and would unduly delay the resolution of this three-year-old case. Webb's motion for leave to add these claims is, therefore, denied. *See Sanders*, 56 F.3d at 775 (stating that denial of leave to amend is particularly appropriate when "plaintiff has provided no explanation as to why amendment did not take place sooner, and where the delay in filing the motion to amend would cause delay and burden the parties").

Webb is not just seeking to add claims, however. He also seeks to withdraw: (1) the remaining state-law claims in Counts XII-XV of the third amended complaint; and (2) all claims asserted against Assistant State's Attorney Konzal and Councilman Dorris. (*See* Pl.'s Mot. Requesting Leave File Revised Fourth Am. Compl. at 4.) Dismissal of these claims will hasten, rather then hinder, the resolution of this case. Thus, Webb's motion to amend his complaint to eliminate these claims is granted.

## Conclusion

For the reasons set forth above, Webb's motion for leave to file a revised fourth amended complaint [doc. no. 116] is granted in part and denied in part. The remaining state-law claims in Counts XII-XV and all of the claims asserted against Assistant State's Attorney Konzal and Councilman Dorris in the third amended complaint are dismissed. This case will proceed on the third amended complaint as modified by this Memorandum Opinion and Order and the Court's May 4, 2005 Memorandum Opinion and Order. The pleading stage of this case is over. The parties are ordered to appear before the Court on April 18, 2006 at 9:30 a.m. to set dates for dispositive motions or trial.

**SO ORDERED**  **ENTERED:**

APR 1 3 2006

*[signature]*
HON. RONALD A. GUZMAN
**United States District Judge**