# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT IUFFUES WEBB II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03 C 4436 |
| | ) |
| CITY OF JOLIET, DAVID L. | ) Judge Ronald A. Guzmán |
| GERDES, NICHOLAS R. | ) |
| AMELIO, BEN BILLUPS, | ) |
| ROBERT DESIDERIO and | ) |
| JOSEPH EGIZIO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Robert Iuffues Webb II has sued the City of Joliet and its employees, David L. Gerdes, Nicholas R. Amelio, Ben Billups, Robert Desiderio and Joseph Egizio, for their alleged violations of his federal constitutional rights. The case is before the Court on defendants' Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment and plaintiff's motion to strike the affidavits defendants submitted in support of their motion. For the reasons set forth below, defendants' motion is granted and plaintiff's motion is denied.

## Facts

Though he was instructed to do so, plaintiff did not file a response to defendants' LR 56.1(a)(3) Statement. (*See* Notice Pro Se Litigant.) By operation of the local rule, therefore, plaintiff is deemed to have admitted all of the facts defendants assert. *See* LR 56.1(b)(3)(C); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) ("We have . . . repeatedly upheld the strict enforcement of [LR

56.1], sustaining the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule . . . ."). Thus, the following facts, though drawn solely from defendants' LR 56.1(a)(3) Statement, are now undisputed.

Plaintiff is an African-American resident of the City of Joliet ("the City"). (Defs.' LR 56.1(a)(3) Stmt. ¶ 2.) Defendant Gerdes is the City Police Chief and defendants Amelio, Billups, Desiderio and Egizio are City police officers. (Id. ¶ 3 & Ex. 1, Gerdes Aff. ¶ 1.)

On June 13, 2001, Charles Cain Sr., the owner of 213/215 Sherman Street in Joliet, met with Desiderio and Egizio to execute a trespass agreement with the City. (Id. ¶ 8.) That agreement authorized City police officers to arrest anyone who was on the property without Cain's permission. (Id. ¶ 9.) Cain told the two officers that the only person, other than himself, who was allowed on the property was his son, Charles Cain, Jr. (Id. ¶ 10.) He also specifically told the officers that plaintiff was not allowed on the property. (Id. ¶ 11.)

On June 27, 2001, Desiderio and Egizio were patrolling their assigned area of the City, which included Cain's Sherman Street property. (Id. ¶ 12.) When they passed it, the officers saw plaintiff enter the building on the property, despite the "No Trespassing" sticker posted on it. (Id. ¶¶ 13, 16.) When he came out of the building, the officers told plaintiff about the trespass agreement and that Cain had specifically said plaintiff was not allowed on the property. (Id. ¶ 18.) Then, they arrested him for criminal trespass. (Id. ¶¶ 19-20, 25.)

Thereafter, Amelio arrived to transport plaintiff to the police station. (Id. ¶ 21.) Amelio was not involved in making the arrest, did not encourage Desiderio and Egizio to make the arrest and did not discuss the trespass charge with them. (Id. ¶¶ 22-23.) He simply drove plaintiff from the Sherman Street property to the police station. (Id. ¶ 24.)

2

On June 28, 2001, plaintiff complained to Billups, who was assigned to the Police Department's internal affairs unit, about his arrest the preceding day. (*Id.* ¶¶ 43-45.) Based on plaintiff's written complaint, the arrest report and conversations with plaintiff, Cain and his daughter, Billups decided that an internal affairs investigation was not warranted. (*Id.* ¶¶ 46-48, 50.)

On January 16, 2002, Desiderio and Egizio were at the Will County Courthouse for plaintiff's trial on the criminal trespass charge. (*Id.* ¶ 28.) The judge refused to hear the case because plaintiff was intoxicated. (*Id.* ¶ 29.) The judge set another court date, told plaintiff not to consume alcohol before the next court appearance, and ordered him not to try to sway or intimidate any of the State's witness. (*Id.* ¶¶ 29-30.)

Immediately thereafter, plaintiff threatened to sue Desiderio and Egizio and told them he would send federal marshals to arrest them. (*Id.* ¶ 31.) The officers told the Assistant State's Attorney ("ASA") about plaintiff's threats. (*Id.* ¶¶ 32-33.) The officers did not, however, restrain plaintiff in any way or direct any other law enforcement officers to do so. (*Id.* ¶ 34.)

The ASA drafted and presented to the court a petition to have plaintiff held in contempt for threatening the officers. (*Id.* ¶ 35.) The two officers did not urge the ASA to do so and had no involvement in the preparation or presentation of the petition. (*Id.* ¶¶ 36-38.)

## Discussion

### Motion to Strike

Plaintiff says the affidavits defendants submitted in support of their motion should be stricken because they are not made on personal knowledge or certified under penalty of perjury, accompanied by the documents to which they refer, or corroborated by affidavits of other witnesses.

3

The Court disagrees. Each affidavit recounts events, actions or facts that the affiant took, witnessed or became familiar with in the course of his or her work, and was subscribed and sworn to before a notary public. Moreover, all of the documents to which the affiants refer are either attached to defendants' LR 56.1(a)(3) Statement or are attached as exhibits to plaintiff's third amended complaint. Finally, defendants are not required to submit an affidavit from every person who could corroborate their statements. Thus, their failure to do so is not a basis for striking their affidavits. Plaintiff's motion to strike is denied.

## Summary Judgment

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

The only claims that remain at issue in this case are those in Counts I, III, IV, VI, VIII and IX. Because some claims are similar to or derivative of others, the Court will address the counts in logical rather than numeric order, starting with Count III.

In Count III, plaintiff asserts two false arrest claims, one against Desiderio, Egizio and Amelio for the June 27, 2001 arrest, and the other against Desiderio and Egizio for the alleged arrest

4

on January 16, 2002. It is undisputed, however, that Amelio was not involved in the June 27, 2001 arrest, and that Desiderio and Egizio did not arrest plaintiff on January 16, 2002. (Defs.' LR 56.1(a)(3) Stmt. ¶¶ 22-24, 34.) Defendants are, therefore, entitled to judgment on these claims.

That leaves the unlawful arrest claim against Desiderio and Egizio for the June 27, 2001 arrest. Defendants say they are entitled to judgment on this claim because they had probable cause to arrest plaintiff for criminal trespass. *See Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989) (stating that "the existence of probable cause . . . is an absolute bar to a Section 1983 claim for unlawful arrest"). Defendants had probable cause if, "the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that [the plaintiff] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

The undisputed facts establish that defendants had probable cause for the June 27, 2001 arrest. Plaintiff violated the Illinois criminal trespass law if he "knowingly and without lawful authority enter[ed] or remain[ed] within or on a building." 720 Ill. Comp. Stat. 5/21-3(a)(1). It is undisputed that, at the time they arrested plaintiff, Desiderio and Egizio knew: (1) a trespass agreement was in effect between Cain, the owner of the property at 213/215 Sherman Street, and the Joliet Police Department that authorized the police to enter the property and arrest anyone who did not have permission to be there; (2) Cain had not given plaintiff permission to go on the property; (3) the building on the property had a "No Trespassing" sticker on it; and (4) plaintiff entered the building on that property. (Defs.' LR 56.1(a)(3) Stmt. ¶¶ 8-13, 16.) Confronted with that information, a reasonable person would have believed that plaintiff had committed criminal trespass. Thus, Desiderio and Egizio are entitled to judgment as a matter of law on this claim.

5

The Court's decision on Count III dooms Count I as well. In that count, plaintiff alleges that the City failed to train the defendant officers to effect constitutional arrests. Because the record establishes that defendants arrested plaintiff only once and the arrest was lawful, there is no basis for the failure-to-train claim. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (holding that a city cannot be held liable under section 1983 for actions of its police officers "[i]f [the plaintiff] has suffered no constitutional injury at the hands of the individual police officer[s]").

In Count IV, plaintiff alleges that the City, Amelio, Desiderio and Egizio conspired to retaliate and retaliated against him for exercising his First Amendment rights by arresting him. It is not clear which arrest plaintiff believes was retaliatory or what First Amendment activity plaintiff thinks prompted it. If, however, this claim is based on the alleged January 16, 2002 arrest, it is not actionable because it is undisputed that defendants did not arrest plaintiff that day. (*See* Defs.' LR 56.1(a)(3) Stmt. ¶ 34.)

Plaintiff fares no better if his claim is based on the June 27, 2001 arrest. First, defendants cannot be held liable for conspiring to make a lawful arrest. *See Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996) (stating that there is no liability under section 1983 for conspiring to do an act "which does not itself violate the constitution"). Second, the City cannot conspire with police officers it employs. *See Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508-09 (7th Cir. 1994) (holding that a government corporation cannot conspire with its employees). Third, the existence of probable cause for the arrest bars the retaliation claim. *Cf. Hartman v. Moore*, 126 S. Ct. 1695, 1707 (2006) (holding, in the context of a *Bivens* suit, that absence of probable cause is an essential element of First Amendment retaliatory prosecution claim); *see Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001) (stating that existence of probable cause for arrest precludes section

6

1983 retaliatory arrest claim). Fourth, even if the claim were otherwise actionable, plaintiff has offered no evidence as to two of its elements, that he took constitutionally-protected action and defendants were aware of it. *See Morfin v. City of E. Chi.*, 349 F.3d 989, 1005 (7th Cir. 2003) (stating that First Amendment retaliation claim requires proof that "conduct was constitutionally protected" and "defendants knew of the protected activity" (alterations and quotations omitted)). For all of these reasons, defendants' motion for summary judgment on Count IV is granted.

In Counts VI and IX, plaintiff alleges that defendants Desiderio and Egizio are liable under section 1985(3) for conspiring to deprive him of equal protection in connection with the June 2001 and January 2002 arrests. These claims are also infirm. First, it is undisputed that defendants did not arrest plaintiff in January 2002 and they did so lawfully in June 2001. Thus, they cannot be held liable for conspiring to do either. *See Hill*, 93 F.3d at 422. Moreover, even if they were actionable, plaintiff still could not defeat this motion because he has not offered any evidence to support the elements of these claims. *See Trautvetter v. Quick*, 916 F.2d 1140, 1153 (7th Cir. 1990) (stating that section 1985 claim requires proof that defendants formed a conspiracy for the purpose of depriving plaintiff of equal protection of the laws and because of class-based animus, they took an act in furtherance of the conspiracy, and plaintiff was injured or deprived of a federal right as a result). Moreover, defendants assert, without contradiction, that they did not make any agreement to deprive plaintiff of his constitutional rights or take any action against him because of his race. (Defs.' LR 56.1(a)(3) Stmt. ¶¶ 26-27, 41-42.) Accordingly, they are entitled to judgment as a matter of law on Counts VI and IX.

In Count VIII, plaintiff alleges that defendants Gerdes and Billups violated section 1981 when they treated his internal complaints differently than they treat those of white citizens. To

defeat defendants' motion on this claim, plaintiff must offer some evidence that he is a member of a racial minority, defendants intentionally discriminated against him because of his race and the discrimination deprived him of his right to equal protection of the law. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996); *see* 42 U.S.C. § 1981(a). Plaintiff has offered no evidence that suggests defendants treated his complaints differently than those lodged by non-black citizens or that any variance in treatment was because of his race. Moreover, defendants deny that they treated him differently than any other citizen or took any action because of his race, denials that stand uncontroverted. (*See* Defs.' LR 56.1(a)(3) ¶¶ 44, 51, 62-70.) Therefore, defendants are entitled to summary judgment on Count VIII as well.

## Conclusion

For all of the reasons stated above, defendants' motion for summary judgment [doc. no. 137] is granted and plaintiff's motion to strike affidavits [doc. no. 138-1] is denied. This case is terminated.

**SO ORDERED.**  ENTERED: 12/11/06

HON. RONALD A. GUZMAN
**United States District Judge**

8